THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer,

*v.*

MARSHALL FIELD.

*Opinion filed June 19, 1902.*

1. SPECIAL TAXATION—*Sidewalk act of 1875 is for construction of sidewalks only.* The act of 1875, providing for the construction of sidewalks by special taxation, does not authorize any other improvements, and the powers with regard to the making of local improvements by special assessment cannot be invoked in aid of the authority given by the act of 1875.

2. SAME—*when ordinance is not authorized by act of 1875.* An ordinance providing that where the sidewalk space, nine feet in width, is above the natural surface of the ground, the cement walk shall be five feet wide with a two-foot sloping bank on each side, which is to be seeded with grass, is not authorized by the act of 1875.

WRIT OF ERROR to the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

LOUIS P. WALTERS, (SMOOT & EYER, of counsel,) for plaintiff in error.

HOLT, WHEELER & SIDLEY, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the county court of Cook county seeking to reverse a judgment of that court sustaining an objection to a special tax levied by the village of Western Springs against the property of Marshall Field for the construction of a sidewalk. The village passed an ordinance for the walk, and provided that the cost thereof should be paid by a special tax on the property along which it was to be built. The sidewalk was built by the village but the tax was not paid, and upon application for judgment as delinquent, defendant in error filed certain objections thereto, one or more of which the court sustained. Upon this writ of error it is insisted by counsel for the village that each of the objections should have been overruled. The objections are almost innumerable, and we have no means of determining from the record which of them were sustained, except as we gather from the argument of counsel.

The ordinance providing for the construction of the walk is under the provisions of the statute of 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," and which, in substance, authorizes towns and cities to provide by ordinance for the construction of sidewalks, to be paid for, in whole or in part, by special taxation of the land abutting upon the walk if the same is not constructed by the owner, as required by the ordinance. The ordinance of the village under which this walk was constructed required a space of nine feet on the north line of Chicago street to be leveled, and says: "Whenever the sidewalk space nine feet in width, as above specified, is above the natural surface of the ground, the bank is to be built with a slope of one and one-half horizontal to one vertical. The cement sidewalk is to be five feet in width, and is to be laid in the space prepared as above specified, with its center line four and one-half feet south of the north line of Chicago street." Then follows a descrip-

tion of the material and work to be used and performed in the construction of the walk. Under the head "Side filling," it is provided as follows: "On each side of the walk, after it shall have been built and the cement properly hardened, clean earth shall be banked up against the walk, level with the top thereof, extending two feet beyond its sides and sloping downward in the radius of one and one-half horizontal to one vertical until the natural surface of the ground is reached; this filling to be carefully smoothed off with rakes to a fine surface and seeded with a heavy sowing of blue grass; all surplus earth and material of any kind to be removed entirely from the finished sidewalk space, or it is to be evenly spread in such places and manner as may be directed by the engineer."

It is insisted by counsel for objector that the village had no authority, under the Sidewalk act, to provide for an improvement of this kind, which question, it is conceded, was properly raised by one or more of the objections filed below. From the last provision of the ordinance above quoted it will be seen that for a sidewalk five feet in width a space of nine feet in width is to be prepared, and after the walk is laid, two feet on either side thereof is required to be leveled and seeded with a heavy sowing of blue grass. Counsel for the People contend that that requirement was only made where the sidewalk is above the natural surface of the ground, and was therefore only incidental to the proper construction of the walk. But this position we regard as untenable. That part of the ordinance upon which reliance is placed for this construction is: "Wherever the *sidewalk space nine feet in width, as above specified,* is above the natural surface of the ground, the bank is to be built with a slope," etc., whereas the side filling provided for extends two feet on either side of the cement walk five feet in width, the whole length of the walk. No other construction can be reasonably given to the language used.

The act of .1875 is strictly a sidewalk statute, and is independent of and distinct from the power conferred upon towns, cities and villages, under article 9 of the City and Village act, to make local improvements by special assessments. (*People ex rel.* v. *Yancey*, 167 Ill. 255.) It does not pretend to authorize the improvement of streets in any other way than by the construction of sidewalks, and if the village could lawfully, in this case, compel the owner of property fronting on the street to level the ground nine feet in width, build a walk five feet wide, and then prepare the two feet on either side of the same for grass-plots, or in default of his doing so collect the cost of the same by special taxation, no reason is shown or suggested why any other portion of the street might not be required to be improved. As we have already said, the powers conferred upon municipalities by article 9, *supra,* cannot be invoked in aid of the authority given by the sidewalk statute, and hence *Murphy* v. *City of Peoria*, 119 Ill. 509, and *Thompson* v. *City of Highland Park*, 187 id. 265, have no bearing upon the case. There is nothing from which it can be determined that the grass-plots on either side of the cement walk were in any way necessary or incident to the walk, and the evidence offered upon that subject below clearly shows that they served no other purpose than that of being ornamental. We do not agree that the additional cost thus incurred should be regarded as "*de minimis non curat lex.*" If the village desired to improve the street in connection with the construction of the sidewalk it should have proceeded under the powers conferred upon it by article 9 of the City and Village act, and not under the sidewalk statute.

The ordinance being in excess of the power conferred upon the village authorities, the tax attempted to be levied under it was void, and on this ground the judgment of the county court must be affirmed. In this view of the case other questions raised become unimportant and need not be noticed.          *Judgment affirmed.*