THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer,
*v.*

VICTOR PATTON.

*Opinion filed October 23, 1906.*

1. SPECIAL TAXATION—*substantial compliance with Sidewalk act of 1875 is essential.* The provisions of the Sidewalk act of 1875 are for the protection of property owners, and no special tax can be enforced without a substantial compliance with such provisions.

2. SAME—*who must certify to bill of costs.* Under sections 2 and 3 of the Sidewalk act of 1875 the same officers designated by the ordinance to supervise the construction of the sidewalk should certify the bill of costs.

3. SAME—*when a bill of costs is not sufficient.* A bill of costs marked "approved" by the president and board of trustees of the village, who were the officers designated in the ordinance to supervise the construction of the sidewalk, and certified to by persons constituting the streets committee, is not sufficient, even though the streets committee certified the bill of costs in accordance with the provisions of the ordinance.

4. SAME—*a legally certified bill of costs is essential.* A legally certified bill of costs is the basis of a special tax proceeding for the construction of a sidewalk under the Sidewalk act of 1875, and its absence is fatal to the proceeding.

5. SAME—*ordinance under Sidewalk act of 1875 cannot provide for side-filling.* The Sidewalk act of 1875 is exclusively a sidewalk statute, and an ordinance passed thereunder cannot lawfully provide for side-filling of earth after the walk is completed.

WRIT OF ERROR to the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

BUNGE & THORPE, for plaintiff in error.

GEORGE A. MASON, (HUFF & COOK, and TAYLOR & MARTIN, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error to review an order entered in the county court of Cook county sustaining objections to and dismissing the application of plaintiff in error for a judgment and order of sale of the lot of the defendant in error

for a failure to pay a special tax levied for the construction of a cement sidewalk in front of the property of the defendant in error by the village of Grossdale. The special tax was attempted to be collected by virtue of proceedings under the Sidewalk act of 1875. (Hurd's Stat. 1905, chap. 24, secs. 294-296c.)

Many objections were filed by the defendant in error in the county court, but three of which seem to be argued here. Under the view we take of the case, however, it will be necessary to discuss but two.

The authority to levy a special tax is purely statutory, (*People* v. *Peyton*, 214 Ill. 376,) and the provisions of the Sidewalk act of 1875 are for the protection of the property owners, and no special tax can be enforced thereunder without a substantial compliance therewith. (*Jeffris* v. *Cash*, 207 Ill. 405.) Section 2 of the Sidewalk act provides, among other things, that the ordinance "may provide that the materials and construction [of the sidewalk] shall be under the supervision of and subject to the approval of some officer or board of officers of such city, town or village to be designated in said ordinance." Section 3 of the act provides that in case of default of the lot owner to construct the sidewalk as required by the ordinance the same shall be constructed by the city, town or village, the cost thereof to be recovered of the defaulting lot owner, and "such ordinance may provide that a bill of the costs of such sidewalk, showing in separate items the cost of grading, etc., shall be filed in the office of the clerk of such city, town or village, *certified by the officer or board designated by such ordinance* to take charge of the construction of such sidewalk." Section 2 of the ordinance in the case at bar provides that "all sidewalks shall be built under the supervision of the president and board of trustees," while section 4 of the same ordinance directs that "the street committee of the said board of trustees shall certify to the bill of costs of such sidewalks when constructed by the village." If the ordinance had been drawn in accordance with

the statute, the same officer or board of officers designated to supervise the construction of the sidewalk would have been selected and named to certify to the bill of costs thereof; but while the president and board of trustees of the village were named in section 3 of the ordinance to act as supervisors of the work, section 4 directed that such bill of costs should be certified by the "street committee" of the village board.

It is insisted that because a bill of costs is made out and marked "approved" and signed by the president and board of trustees of the village, this was a substantial compliance with the requirements of the statute. The ordinance required, however, that the "street committee" of the village should certify to the bill of costs, and the action of the president and board of trustees in "approving" the bill of costs was not in compliance with the ordinance. Moreover, marking the bill of costs "approved" could not be regarded as a certification of such bill. In addition to the "approved" marked on the bill of costs by the whole village board, and following the signatures of all of the officers, there appears a certificate of such bill of costs, which certificate is signed by certain persons composing the "street committee," as required by the ordinance. The certificate of the bill of costs was not in compliance with the provisions of the statute. A legally certified bill of costs is the basis of a proceeding of this character, and the absence of such certified bill of costs, as contemplated by the statute, is fatal. *Vennum* v. *People,* 188 Ill. 158; *Holland* v. *People,* 189 id. 348; *People* v. *Smith,* 201 id. 454; *People* v. *Peyton,* 214 id. 376; *People* v. *Record,* 212 id. 62.

It is also objected that the ordinance is void for the reason that in addition to the sidewalk an attempt is made to provide for side-filling. That portion of the ordinance relating to side-filling is as follows: "On each side of the walk, after it shall have been built and the cement properly hardened, clean earth shall be banked up against the walk, level with the top thereof, extending two feet beyond its

sides, and sloping downward in the ratio of one-half horizontal to one vertical until the natural surface of the ground is reached; this filling to be carefully smoothed off with rakes to a smooth surface. All surplus earth and material of any kind shall be removed entirely from all finished sidewalk spaces, or it shall be, if earth, evenly spread in such places and in a manner as may be directed by the president and board of trustees." From the above clause it is obvious that the side-filling provided for is no part of the sidewalk. The act of 1875, under which the assessment in question was made, is exclusively a sidewalk statute, and bears no similarity to the powers conferred upon towns, cities and villages to make improvements by special assessments. Under the act of 1875 no improvements can be made except sidewalks and their necessary parts. (*Boals* v. *Bachmann,* 201 Ill. 340; *People* v. *Yancey,* 167 id. 255; *People* v. *Latham,* 203 id. 9; *People* v. *Field,* 197 id. 568.) In the *Field case, supra,* an ordinance providing for side-filling and seeding the same in blue grass was held unauthorized and void. The ordinance here in question is substantially a copy of the one in the *Field case,* and for the reasons there given the objections were properly sustained.

The judgment of the county court of Cook county is free from error, and the same is therefore affirmed.

*Judgment affirmed.*