THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* GEORGE C. KLEHM, Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 5, 1909.*

1. TAXES—*the Sidewalk act of 1875 authorizes construction of sidewalks, only.* No special tax can be levied or collected under the Sidewalk act of 1875 for any purpose except the construction of sidewalks, and it is not within the power of a city or village to levy a tax under such act for side-filling, back-filling or bermes, which are no part of the sidewalk. (*People* v. *Field,* 197 Ill. 568, and *People* v. *Patton,* 223 id. 379, followed.)

2. SAME—*whether side-filling is part of sidewalk is not a subject for expert testimony.* Whether bermes, consisting of earth embankments along the edges of a sidewalk, are a part of the sidewalk is not a subject for expert testimony.

CARTER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

J. W. SUTTON, for appellant.

JULIUS H. GEWEKE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled the objections of George C. Klehm, the appellant, to special taxes amounting to $389.75 levied by the village of Niles Center to pay for the construction of a cinder sidewalk in front of his property, and entered judgment and order of sale to satisfy the same. From that judgment this appeal was prosecuted.

The ordinance under which the special taxes were levied provided for the construction of the sidewalk in conformity with the provisions of the Sidewalk act of 1875, as amended and now in force. It provided that a foundation should be first prepared by cutting down or filling up

the natural surface of the ground to within twelve inches of the grade of the finished sidewalk, and on the foundation so prepared a layer of coarse cinders or slag was to be laid to the depth of nine inches after being well packed. Upon the layer of coarse cinders or slag there was to be a layer of fine cinders to a depth of three inches after being well rolled until solid and unyielding. The walk was to be constructed within a wooden curb on each side, to be built in such manner as to leave a clear sidewalk space of five feet and four inches, and the curb was to consist of sound, split-cedar posts set four feet apart from center to center, of a length sufficient to bring the top even with the top of the sidewalk after being driven firmly into the ground fifteen inches below the natural surface. Hemlock plank of the best quality, two inches thick and six inches wide, were to be nailed to the inside faces of the posts, and the curbing at the top edge was to be even with the finished sidewalk. This completed the description of the sidewalk, and the ordinance further provided that the curbing should be back-filled with earth, free from animal or vegetable matter, in such a manner as to leave a berme of six inches on each side of and flush with the top of the completed sidewalk, with a slope from thence to the natural surface of the ground at the rate of one foot horizontal to one foot vertical. The sidewalk was not constructed by appellant in front of his property and it was built by the village, including the earth work, with the berme and slope as specified in the ordinance, and the special taxes were levied and reported as delinquent to the county collector, who made application for the judgment.

The act under which the taxes were levied authorizes the construction of sidewalks by special taxation, but it does not purport to authorize the construction of anything but sidewalks. No special tax can be levied or collected under that act for any purpose except the construction of sidewalks, and it is not within the power of a village to levy

a tax for side-filling, back-filling or slopes, which are no part of the sidewalk but which are designed to improve appearances or otherwise benefit the adjacent property or the street. It was held in *People* v. *Field,* 197 Ill. 568, that an ordinance providing for banking earth on each side of the cement sidewalk, extending two feet and sloping downward one and one-half horizontal to one vertical until the natural surface of the ground was reached, and the filling to be seeded with grass, was not authorized by the act; and in *People* v. *Patton,* 223 Ill. 379, it was held that a filling of earth to be banked against a walk two feet beyond its sides and sloping downward in the ratio of one-half horizontal to one vertical until the natural surface of the ground was reached was not a part of the walk and a special tax could not be levied for a construction of that kind. Those cases cannot be distinguished from this one, but counsel for appellee says that in this case he proved that the bank was a part of the sidewalk. The alleged proof consisted of the testimony of a witness who had been engaged in the construction of cement and cinder sidewalks for a number of years, who said that he considered the filling with earth a part of the construction of the sidewalk. The walk in places is two feet and six inches above the natural surface of the ground, and he said that the cinders would naturally work out at the bottom unless backed up by some solid matter. He also differed with the conclusion of this court in the above cases as to such filling being a part of a cement sidewalk, because he says it prevented the foundation from working out. The subject was not one for the testimony of an expert, and the court was as well able as the witness to judge whether coarse cinders and slag at the foundation would work out through a curb of two-inch plank. The ordinance provided for filling of earth or other material, thoroughly compacted until solid and unyielding, to within twelve inches of the grade of the finished sidewalk, and twelve inches of curb would reach to that filling. There

was to be a berme, as it was called, which in civil engineering is defined to be a horizontal ledge or shelf at the bottom or part way up a bank or slope; but whether it is rightly named or not, the berme and sloping embankment are not a part of the sidewalk, and the principal purpose, if not the only one, in providing for them was to improve appearances.

The court erred in overruling the objection that the special taxes were levied for a purpose not authorized by law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.