The City of Chicago, Appellant, vs. Laura Louise Bassett *et al.* Appellees.

*Opinion filed February 19, 1909.*

1. Special assessments—*when public hearing is necessary to sidewalk improvement.* The proviso to section 7 of the Local Improvement act, as amended in 1901, (Laws of 1901, p. 104,) which dispenses with a public hearing where the proceeding is for the construction of a sidewalk, has no application if the improvement includes that which is no part of a sidewalk.

2. Same—*curb is necessary part of cinder walk but a berm is not.* A curb is a necessary part of a cinder sidewalk where the surface of the cinders is above the surface of the earth, but a berm of earth on each side of the curb and flush with the walk at the top is no part of the sidewalk, and its inclusion in a sidewalk improvement to be constructed by special assessment under the Local Improvement act renders the proviso to section 7, dispensing with a public hearing, inapplicable.

Appeal from the County Court of Cook county; the Hon. D. T. Smiley, Judge, presiding.

On May 13, 1908, the city of Chicago filed a petition in the county court of Cook county for a special assessment for the construction of a cinder sidewalk along a portion of West Addison street, in that city. To the petition Laura Louise Bassett and Marshall S. Marsh, the appellees, filed objections, certain of which were sustained and as to appellees the petition was dismissed. To review that judgment the city has prosecuted this appeal.

Attached to the petition was a copy of the ordinance passed by the city council authorizing the construction of the walk, which provided, in substance, for the construction of a cinder sidewalk six feet in width. The cinders in the walk were to be of a depth of one foot and laid upon a sub-grade prepared by cutting down or raising the surface of the ground to a line twelve inches below the line established as the sidewalk grade. It also provided for the con-

struction of a wooden curb on each side of the walk, the curbs to be six feet apart and to be made of two-inch plank nailed to posts sharpened and driven into the ground. The ordinance further provided for the construction of a berm on each side of the walk, flush with the surface of the walk and six inches in width at the top.

No public hearing was had. The objections of appellees were sustained by the court upon the theory that the proposed improvement, including the curb and berm, was not such an improvement as is contemplated by that proviso to the statute which makes a public hearing unnecessary. The appellant insists that the county court erred in so holding.

GEORGE A. MASON, and EDGAR R. HART, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a special assessment proceeding in which there was no public hearing. Appellant acted on the theory that the improvement came within the proviso to paragraph 513 of chapter 24, Hurd's Revised Statutes of 1908, which dispenses with a public hearing and certain other preliminary matters in proceedings for constructing sidewalks. Appellees' contention is that the improvement was something more than a sidewalk, as it included a wooden curb and a berm on each side of the walk, and that a public hearing was therefore necessary. Where the surface of the cinders is to be above the surface of the earth alongside the walk (disregarding the berm) we think a curb is a necessary part of a cinder walk. If in such a place it be made without a curb or other like protection the cinders will spread on each side and the walk will soon lose its level surface. In *People ex rel.* v. *Klehm,* (*ante,* p. 89,) we held that a berm of precisely the same width at the top and of the same

height with reference to the surface of the cinders as the one here involved was not a part of a cinder sidewalk on each side of which there was to be a wooden curb. That case was under the Sidewalk act, but that makes no difference. That which is no part of a sidewalk within the meaning of the Sidewalk act is no part of a sidewalk within the meaning of the proviso here relied upon. The *Klehm case* is decisive. This improvement, as a whole, is not within the language of the proviso upon which the city relies.

The judgment of the county court will be affirmed.

*Judgment affirmed.*