THE CITY OF CHICAGO, Appellee, *vs.* WILLIAM G. EDENS, Appellant.

*Opinion filed December 17, 1913—Rehearing denied Feb. 4, 1914.*

1. SPECIAL ASSESSMENTS—*an engineer's estimate should be read with the ordinance.* The engineer's estimate of the cost of a proposed improvement should be read with the ordinance, in order to ascertain the proper description of the improvement as well as to find out whether there is any substantial variance between the estimate and the ordinance.

2. SAME—*a sidewalk improvement which includes back-filling with earth requires a public hearing.* The proviso to section 7 of the Local Improvement act, which dispenses with the necessity for a public hearing where the improvement is merely for the construction or renewing of any sidewalk, does not apply where the improvement includes back-filling with earth in addition to constructing the walk.

3. SAME—*what is a substantial variance between estimate and ordinance.* There is a substantial variance between the engineer's estimate and the ordinance for a sidewalk improvement where the estimate provides for back-filling with earth but the ordinance makes no specific provision for such back-filling.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EDWARD ROBY, for appellant.

PHILIP J. MCKENNA, and HOWARD F. BISHOP, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of confirmation in a special assessment proceeding for the building of a cinder sidewalk six feet wide on East One Hundred and Fourth street, from the south-westerly curb line of Indianapolis avenue to the west curb line of avenue "G," in the city of Chicago.

Appellant contends that the improvement provided in the estimate of the engineer differs from that described in the ordinance, and that under the statute a public hearing should have been had in this proceeding. There was no public hearing. Appellee contends that it was not necessary, as this improvement is within the exception found in the proviso of section 7 of the Local Improvement act, that in proceedings for the "laying, building, constructing or renewing of any sidewalk * * * no resolution, public hearing or preliminary proceedings * * * shall be necessary." The estimate of the engineer stated that the cost for grading for the improvement would be $464.36 and for cinders $281.67, and then concluded with the following: "Two inches by six inches wooden curb, nailed to cedar posts, back-filled with earth, 3045 lineal feet, at $.28 per lineal foot, $852.60." The total estimated cost was $1598.63. The ordinance did not provide specifically for any back-filling with earth. This court held in *City of Chicago* v. *Bassett,* 238 Ill. 412, that a public hearing was necessary where a sidewalk ordinance under the Local Improvement act pro-

vided for the construction of a berm on either side of the walk; that such berm was no part of the sidewalk, within the meaning of said section 7. The berm provided for in the ordinance in that case was substantially what would be understood by back-filling as provided for in the estimate for this improvement, in the words "back-filled with earth." (See *People* v. *Field,* 197 Ill. 568; *People* v. *Patton,* 223 id. 379; *People* v. *Klehm,* 238 id. 89.) While these last cases referred to the special Sidewalk act, this court, in *City of Chicago* v. *Bassett, supra,* held that the same line of reasoning should apply to sidewalks built under the Local Improvement act. It has been repeatedly held that the estimate of the improvement should be read with the ordinance in order to ascertain the proper description for the improvement as well as to find out whether there was any substantial variance between the two. (*City of Hillsboro* v. *Grassel,* 249 Ill. 190, and cases cited.) Either it must be held that there was a substantial variance here between the estimate of the engineer and the ordinance as to the back-filling, (*City of Chicago* v. *Soukup,* 245 Ill. 634; *Gardner* v. *City of Chicago,* 224 id. 254;) or else that, reading the two together, the ordinance should be construed as requiring the filling in of earth back of the wooden curb, under which latter holding a public hearing would be required by the statute. Under either holding the objections of appellant should have been sustained. In the light of the facts in this case this conclusion is not in conflict with the reasoning in *City of Chicago* v. *Davis,* 253 Ill. 404, or cases therein cited.

The judgment of the superior court will be reversed and the cause remanded, with directions to sustain the objections of appellant.

*Reversed and remanded, with directions.*