THE VILLAGE OF HOMEWOOD, Appellee, *vs.* THOMAS S. GRANNISS, Appellant.

*Opinion filed October 16, 1914.*

1. SPECIAL ASSESSMENTS—*failure to hold a public hearing does not render an ordinance and all proceedings void.* Where an ordinance provides for the construction of a sidewalk with a berme of earth a public hearing is required, but the failure to hold such hearing does not render the ordinance and all other proceedings void, and such objection cannot be urged on the hearing under section 84 of the Improvement act, concerning the final certificate of the completion of the improvement.

2. SAME—*failure to hold public hearing does not deprive county court of jurisdiction.* It will be presumed when the board of local improvements recommends an ordinance for an improvement that a public hearing has been had if one is necessary, and the fact that no public hearing has been had does not deprive the county court of jurisdiction of the subject matter, and its judgment of confirmation is not, therefore, void but merely erroneous.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

OTTO F. REICH, (I. T. GREENACRE, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling the objections of appellant as to the final certificate of the cost of a special assessment for the construction of a sidewalk in the village of Homewood. The work was completed and accepted by the board of local improvements of that village and the final certificate issued accordingly. It is conceded that the finding is conclusive on all questions of fact. *Village of Niles Center* v. *Schmitz,* 261 Ill. 467.

An ordinance was passed by the said village, under the Local Improvement act of 1897, for a special assessment for said improvement, and a petition to levy the assessment therefor was filed in the county court of Cook county. Judgment of confirmation against the property was thereafter entered in said court. The sole contention urged here is that said ordinance was void and that all proceedings were therefore a nullity. The basis of the argument of counsel for appellant on this question is, that under this ordinance a berme was to be constructed of earth along said sidewalk, in such manner and "of such size as to be one foot on each side of and flush with the top of the completed walk," sloping to the surface of the ground at the rate of one and one-half feet horizontal to one foot vertical; that as such berme was not, under the decisions, a part of such sidewalk a public hearing was required, and that no public hearing was had. This court has held that for a sidewalk constructed with a berme, as this was constructed, a public hearing should have been had by the board of local improvements. (*City of Chicago* v. *Bassett,* 238 Ill. 412; *Village of Glencoe* v. *Uthe,* 253 id. 518; *City of Chicago* v. *Edens,* 261 id. 272.) The record shows that it was agreed by the parties that no public hearing was held. If the failure to hold the public hearing makes the ordinance and all other proceedings in connection therewith absolutely void then this question can be raised on this hearing. (*City of Lincoln* v. *Harts,* 250 Ill. 273.) If the failure to have such public hearing makes the proceedings defective, only, then this question cannot be raised on a hearing, under section 84 of the Local Improvement act. The question has never been decided by this court. It was stated in *Village of Glencoe* v. *Uthe, supra,* that failure to have the public hearing rendered the proceeding "erroneous." The cases cited by counsel for appellant, such as *People* v. *Field,* 197 Ill. 568, *People* v. *Patton,* 223 id. 379, and *People* v. *Klehm,* 238 id. 89, were proceedings under the special Sidewalk act

of 1875 and are not in point on the precise question here involved. The main provisions as to public hearings under the Local Improvement act of 1897 are found in sections 7 and 8 of that act. Sections 8 and 9 provide that the board of local improvements shall prepare an ordinance for the improvement and present it, with their recommendation, to the city council or board of trustees, and section 9 states, among other things, that "the recommendation by said board shall be *prima facie* evidence that all preliminary requirements of the law have been complied with." It has been repeatedly held in construing this statute, that the burden of proof is upon the objectors to show non-compliance with the requirements preliminary to the improvement ordinance; that the recommendation of the board establishes the fact, *prima facie,* that all such preliminary requirements have been complied with. (*Chicago Union Traction Co.* v. *City of Chicago,* 202 Ill. 576; *Richards* v. *City of Jerseyville,* 214 id. 67; *Guyer* v. *City of Rock Island,* 215 id. 144; *City of East St. Louis* v. *Davis,* 233 id. 553; *People* v. *Belz,* 252 id. 296; *Leitch* v. *People,* 183 id. 569.) There is no provision in the statute requiring the board of local improvements, in their recommendation to the council or the board of trustees, to refer in any way to the question whether a public hearing has been had. It will be presumed, when the board of local improvements recommends the ordinance, that if a public hearing was required such hearing was had. It necessarily follows, therefore, that the county court, in entering the confirmation judgment, had jurisdiction of the subject matter. No question is raised as to the jurisdiction over the person of appellant in the confirmation proceedings in the county court. The county court having had jurisdiction in the confirmation proceedings both of the subject matter and the person of appellant, the failure to hold a public hearing would not render the entire proceedings void but only defective or erroneous.

The judgment of the county court will be affirmed.

*Judgment affirmed.*