THE CITY OF CHICAGO, Appellee, *vs.* HENRY M. LAMB *et al.* Appellants.

*Opinion filed December 16, 1914.*

SPECIAL ASSESSMENTS—*when a concrete retaining wall is not part of sidewalk.* A concrete retaining wall which holds the earth filling and cinder foundation for a cement sidewalk in place and which forms a support for the inner edge of the sidewalk, the cost of such wall being greater than the cost of the walk itself, cannot be said to be a part of the sidewalk to the extent of exempting the proposed improvement from a public hearing, under section 7 of the Local Improvement act.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

WILLIAM T. HAPEMAN, (GEORGE W. BROWN, of counsel,) for appellants.

PHILIP J. MCKENNA, and ALEXANDER E. ARKIN, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding instituted in the county court of Cook county for the construction, by special assessment under the Local Improvement act of 1897, of a cement sidewalk sixteen feet in width on each side of North Desplaines street from the north line of Austin avenue to the south line of West Kinzie street, in the city of Chicago. On the hearing as to the confirmation of the assessment in the county court certain property owners filed objections, which were overruled. This appeal was then prosecuted.

The sole question urged here is as to whether a public hearing was required, under the statute, before the ordinance for the construction of the sidewalk was recommended by the board of local improvements to the city council. The ordinance provided that the sub-grade should be prepared by cutting down or filling up the surface of the ground to fourteen inches below the grade of the sidewalk space, and that upon this sub-grade should be put a layer of cinders or other equally good foundation material, to be nine inches in depth after being thoroughly compacted; that the said filling and cinder foundation should be retained in place on the inner side of the walk by a Portland cement concrete retaining wall, six inches in thickness at the top and forty inches in thickness at the bottom, to extend from a point five inches below the grade of the sidewalk space to a point twelve inches below the surface of the ground, the filling and cinder foundation to be retained in place on the outer or curb side of the walk by a curb wall now in place. The engineer estimated the cost of the retaining wall to be $1771.40, and the cost of the cement part of the sidewalk, together with the cinder foundation, to be $847.30, and for grading $950.90. From a

drawing of the improvement shown in the record it appears that the concrete retaining wall on the inside of the walk is a wall or pillar of concrete nine feet and seven inches in height from the bottom of the sidewalk to the base of the wall, the slope being on the inner side next to the filling. It is stipulated that there was no public hearing before the board of local improvements. If the concrete retaining wall can be properly considered, under the provisions of the Local Improvement act (especially sections 7 and 8) as construed by this court, to be a necessary part of the sidewalk, then a public hearing was not required.

This court has heretofore held that the curbing along the outer edges of a sidewalk, which was also to serve as a curb-stone for the street, did not constitute a part of the sidewalk, and its cost could not be included, under the Sidewalk act of 1875, as part of the cost of said walk. (*Job v. People,* 193 Ill. 609.) It is apparent from reading the ordinance in that case that the curb-stone served as a curb for the foundation of the walk. Similar reasoning was used in *Boals* v. *Bachmann,* 201 Ill. 340, although there the curb did not immediately abut upon the edge of the sidewalk. It has also been held that a sidewalk-ordinance, under the last mentioned act, could not provide for seeding the parkways on either side of the walk. (*People* v. *Field,* 197 Ill. 568; see, also, *People* v. *Latham,* 203 Ill. 9.) Under the same Sidewalk act an ordinance was passed to construct a sidewalk, providing, among other things, that on each side of the walk after it should have been built and the cement properly hardened, clean earth should be banked up against the walk, level with the top thereof, extending two feet beyond its sides and sloping downward in the ratio of one-half horizontal to one vertical until the natural surface of the ground was reached. This court in that case held that the side-filling or berme was no part of the sidewalk and that its cost could not be provided for under said

Sidewalk act. (*People* v. *Patton*, 223 Ill. 379.) To the
. same effect is *People* v. *Klehm*, 238 Ill. 89.

This court construed section 7 of the Local Improve-
ment act of 1897 in *City of Chicago* v. *Bassett*, 238 Ill.
412, and held that a berme similar to the one described
herein was no part of the sidewalk within the meaning of
said section 7, and that under the proviso of that section,
construed in connection with the rest of the act, a public
hearing was required for a sidewalk improvement with such
a berme. This same question again came before this court
in *Village of Glencoe* v. *Uthe*, 253 Ill. 518. In that case
the proof showed that a similar berme or sloping embank-
ment was provided as a part of the sidewalk. An engineer
testified that said berme was provided as a retaining wall
to hold the cinder foundation in place and prevent it from
disintegrating by sloughing off and leaving no filling under
the edge of the walk, being made of earth removed from
the excavation, because it was less expensive than a curb
or plank retaining wall. In that case it was held that the
berme or embankment was no part of the sidewalk and
that it was erroneous to confirm the assessment without
having a public hearing, and this notwithstanding that it
was held in *City of Chicago* v. *Bassett, supra,* that a wooden
curb to retain the cinders might be held a necessary part
of the sidewalk. A like conclusion was reached on this
subject in *City of Chicago* v. *Edens*, 261 Ill. 272.

For most improvements constructed under the Local
Improvement act of 1897 the legislature intended that there
should be public hearings, so that the property owner and
tax-payer might have an opportunity to know of the char-
acter of the work proposed and have a hearing before the
board of local improvements, if desired, as to the neces-
sity or wisdom of the improvement. Section 7, however,
contains a proviso that public hearings are not required as
to certain minor improvements, sidewalks being included

among the exceptions. While it may be difficult to lay down a rule that will fairly state just what may be properly included as a necessary part of a sidewalk, it seems evident that the legislature did not intend to include a special structure or foundation that would be more costly than the sidewalk itself, as that term is commonly understood. If a berme or retaining wall made of earth outside the limits of the walk, even though it is less expensive than a plank curb, cannot be considered a part of the walk, it will be difficult to convince the ordinary mind that a curb retaining wall immediately below the walk, such as the one here in question, could be fairly held to be a part of the walk. If this concrete retaining wall could be so held, then there is nothing to prevent building concrete retaining walls as part of the walk on both of its boundaries, and if such a retaining wall nearly ten feet in height could be so constructed, why not one fifteen or twenty feet in height,—and, for that matter, any height,—provided it is under and within the limits of the outer edges of the walk? Ordinary grading or filling as a foundation for the walk would be generally understood as a part of the sidewalk, and we are of the opinion that a sidewalk requiring such grading would not require a public hearing, but the concrete wall and the grading here in question cannot fairly be considered a part of the sidewalk itself. A public hearing under the statute was therefore necessary. The objection having been raised on the hearing for confirmation should have been sustained. See *Village of Homewood* v. *Granniss,* 265 Ill. 135.

The judgment is reversed and the cause remanded, with directions to sustain the objections and dismiss the proceedings as to the property in question.

*Reversed and remanded, with directions.*