THE CITY OF CHICAGO HEIGHTS, Appellee, *vs.* GEORGE S. ANGUS *et al.* Appellants.

*Opinion filed April 22, 1915.*

1. SPECIAL ASSESSMENTS—*preliminary proceedings required by Local Improvement act are jurisdictional.* The provisions of section 7 of the Local Improvement act requiring a resolution of the board of local improvements containing the engineer's estimate of cost and requiring not less than ten days to elapse between the adoption of the resolution and the public hearing are mandatory and jurisdictional.

2. SAME—*statute must be followed irrespective of the question whether the property owner was injured.* The provisions of the Local Improvement act with reference to special assessments must be strictly followed, irrespective of the question whether a failure to observe such provisions has resulted in any injury or inconvenience to the property owner.

3. SAME—*an objection that ten days did not intervene between adoption of resolution and public hearing is valid.* An objection that ten days did not elapse between the adoption of the resolution for an improvement and the public hearing is valid when made upon the application for confirmation of the assessment. (*Village of Homewood* v. *Granniss,* 265 Ill. 135, distinguished.)

4. SAME—*when the variance between estimate and resolution is substantial.* If there is a material difference between the work provided for in the resolution and that included in the engineer's estimate the variance is substantial, whether the estimate is for more or less work than is provided for in the resolution.

5. SAME—*power of court to allow additional objections to be filed on the hearing.* Under the Local Improvement act the court may, for good cause shown, allow new and additional objections to be filed at any time while the proceedings are pending and should hear evidence in support of the same.

6. SAME—*ordinance and estimate for paving street should not ignore creek across street.* An ordinance and estimate for paving

a street should not provide for the paving of the entire roadway of the street without making any provision for crossing a thirty-foot creek in the street, or excluding the creek, and bridge over the creek, from the improvement.

7. SAME—*cost of tile drains to be laid under curbs should be itemized separately.* The cost of four-inch tile drains to be laid under the curbs on both sides of the street to be paved should be itemized separately in the engineer's estimate of the cost of the improvement.

APPEAL from the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding.

LINDHOUT & LINDHOUT, and W. T. HAPEMAN, for appellants.

EARL E. SMITH, Corporation Counsel, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the city court of Chicago Heights for the improvement of a system of streets in that city by a special assessment against the property found to be benefited thereby, under the Local Improvement act of 1897. Legal objections were filed by appellants and after a hearing by the court were overruled. Appellants waived further controversy on the record, and this appeal followed.

The estimated cost of the improvement was $72,529.11. The paving was to be made of Portland cement concrete on cinder foundation. The board of local improvements of the city of Chicago Heights adopted a resolution on June 29, 1914, describing the improvement and the streets to be paved. Incorporated in this resolution was an estimate made by the engineer of said board which provided for the paving only of certain parts of some of the streets that it was provided in the resolution itself should be paved. At the public hearing held July 8, 1914, nine days after the adoption of the resolution, the board of local improvements adjourned the hearing until July 16, 1914. At the

adjourned meeting the proceedings were amended so as to include the expense of drainage in the improvement, and thereupon a second or final resolution was adopted adhering to the first resolution, except that it also provided for the construction of four-inch tile drains under the curb lines on either side of the street, and the estimate was revised to conform to the improvement as modified.

Counsel for appellants argue that the court erred in overruling the objection urged by them that the first resolution did not comply with the provisions of section 7 of the Local Improvement act, which provided that the board of local improvements in the first resolution should fix a day and hour for the public consideration of the improvement, "which shall not be less than ten days after the adoption of such resolution." (Hurd's Stat. 1913, p. 414.) The preliminary proceedings required by the Local Improvement act are essential to the passage of a valid improvement ordinance. The estimate of the cost and all the preliminary requirements necessary to be taken before the passage of an improvement ordinance are jurisdictional. (*Bass* v. *City of Chicago,* 195 Ill. 109; *City of Chicago* v. *Nodeck,* 202 id. 257.) The requirement of the statute as to the engineer's estimate of the cost of the improvement is mandatory. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636.) The provisions of said section 7 requiring a resolution of the board of local improvements containing the engineer's estimate of cost, and also the provision concerning the lapse of time between the adoption of the resolution and the public hearing, are mandatory and jurisdictional. (*Clarke* v. *City of Chicago,* 185 Ill. 354.) The resolution of the board of local improvements fixing a day for the public hearing but failing to specify the hour and place does not comply with the statute, and it cannot be presumed that the public officials fixed an hour and place in the notices required by law to be made with reference to such hearing. Any attempt by such public officials to supply the omission

on the hearing is ineffectual.    *Lyman* v. *Town of Cicero,* 222 Ill. 379.

Counsel for appellee argues that it is clear that some of appellants were not injured, as they were present at the adjourned meeting.    This court held in the case last cited that the statute must be complied with; that where a municipality attempts to fasten a charge upon the property of an individual the law authorizing the creation of such charge must be followed, irrespective of the question of injury or inconvenience to the property owner resulting from a failure to comply with the law.    Proceedings for special assessments under this statute are purely the creation of statute, and jurisdiction can only be acquired in strict conformity therewith.    (*City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 Ill. 352.)    It is conceded that ten days did not intervene between the passage of the resolution for this improvement and the public hearing.

Counsel for appellee argues that under the ruling of this court in *Village of Homewood* v. *Granniss,* 265 Ill. 135, the objection that ten days did not intervene between the adoption of the resolution and the public hearing cannot be availed of in this proceeding.    In this counsel is in error. That decision was rendered in a collateral proceeding in an application for the sale of the lands for failure to pay an assessment.    This objection was properly made in this direct proceeding.    (*City of Chicago* v. *Lamb,* 266 Ill. 134.) The trial court should have sustained the objection to the confirmation judgment because of the failure to comply with this provision of the statute.

Counsel for appellants further argue that there is a substantial variance between the first estimate and the first resolution, in that the estimate omits to provide for the improvement of all or part of certain streets included in the first resolution.    The ordinance agrees with the resolution as to the streets and parts of streets to be improved but differs from the first estimate.    The engineer's estimate is

the basis for the assessment. If there is a material difference between the work included in the ordinance and that included in the estimate there is a substantial variance, whether the work included in the ordinance is more or less than that of the estimate. (*City of Chicago* v. *Terwilliger,* 253 Ill. 395.) A substantial variance is one real or material, as distinguished from one merely technical. *Clarke* v. *City of Chicago, supra;* see, also, *City of Chicago* v. *Gage,* 237 Ill. 328; *City of Chicago* v. *Soukup,* 245 id. 634; *Village of Glencoe* v. *Uthe,* 253 id. 518.

It is argued by appellee that taking the first and second resolutions and the first and second estimates together the property owners could not be misled as to the streets and parts of streets that were to be improved. With this we cannot agree. The first resolution and the first estimate are in square conflict as to the portion of certain streets that are to be paved, and no explanation as to this difference is found in the record.

As there is a material variance between the first estimate, the resolution and the ordinance, the trial court erred in not sustaining the objection to the estimate on account of this variance. The other questions as to the variance between the ordinance and the estimate, as we read this record, are not of a substantial character.

The further objection is made that the ordinance provides for paving the entire surface of the roadway between Euclid avenue and Edgewood avenue without excluding the creek, and bridge over the creek, in said street. We understand that this creek is about thirty feet in width, with high embankments. The engineer apparently based his estimate on the entire improvement of this street without regard to the building of a bridge, or the filling in if no bridge was erected at this point, or, if the filling in was to be done, without making any provisions in the estimate, resolution or ordinance for carrying away the running water of the stream. Counsel for appellants requested the court to al-

low them to file a legal objection as to this question at the time the case was called for hearing on legal objections. Appellee insists that the objection came too late. Under the Local Improvement act, and especially sections 46, 47, 48, 49 and 52, the court may, for good cause shown, at any time while the proceedings are pending, before confirmation, allow new and additional objections to be filed or make any order altering or modifying the assessment. (*Doran* v. *City of Murphysboro,* 225 Ill. 514.) The court allowed this objection to be filed but refused to hear evidence with reference to the conditions and circumstances surrounding this street and creek. If the conditions are as stated by appellants,—and it seems to be conceded in the brief of appellee that they are,—the trial court, under the reasoning in *Lindblad* v. *Town of Normal,* 224 Ill. 362, and cases cited, should not only have permitted this objection to be filed but should have heard evidence on the same, and if such evidence sustained the contention of counsel for appellants the objection should have been sustained, on the ground that the ordinance was uncertain and unreasonable and therefore void.

Several other objections are urged as to the ordinance being indefinite, uncertain and ambiguous. While the ordinance might have been improved in its wording in certain particulars urged here, as we understand this record we do not think it was so fatally defective on any of the other points urged.

The further objection is urged that the estimate fails to itemize separately the four-inch tile drain that is to be laid under the curbs on both sides of the street. We are disposed to hold, on this record, that these drains were a substantial, component element of the improvement and should have been separately estimated, under the holdings of this court in *City of Peoria* v. *Ohl,* 209 Ill. 52, *City of Waukegan* v. *Wetzel,* 261 id. 498, and *Lyman* v. *Town of Cicero,* supra.

It is further urged that error was committed in not allowing a change of venue from the trial judge. Some of the objectors did not join in this petition for a change of venue. The statute provides that a change of venue shall not be granted where there are two or more plaintiffs or defendants unless the application is made by or with the consent of all the parties, plaintiffs or defendants, except in condemnation proceedings. As this is not a condemnation proceeding the court did not err in refusing to grant the change of venue.

For the reasons stated the judgment of the city court must be reversed and the cause remanded, with directions to sustain the legal objections in question as to the assessment.

*Reversed and remanded, with directions.*