[No. 7,330.—Department One.]

## THOMAS H. WILLIAMS v. THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY.

SWAMP LAND DISTRICT—WEEK.—The provision of § 3447, Political Code, that the petition for the formation of a swamp land district "be published for four weeks next preceding the hearing thereof," etc., requires the petition to be published at least once a week, or, in other words, every seven days for that period. Accordingly, where the day fixed for the hearing was the 17th day of June, and the publication was made May 20th, May 27th, June 4th, and June 12th:

*Held*, that the publication was insufficient and that the board did not acquire jurisdiction—there being two intervals of more than seven consecutive days in the publication.

APPEAL from a judgment in favor of the defendant in the Superior Court of Sacramento County. CLARK, J.

The action was brought to obtain a writ of review, bringing up the proceeding of the defendant in which it approved a certain petition for the formation of a swamp land district. It appeared that the petition was heard by the defendant on the 17th day of June, 1879, and was afterwards approved. The findings showed that the petition was published on the 12th, 13th, 15th, 19th, 20th, 22d, 23d, 26th, 27th, and 28th days of May, 1879, and on the 4th and 12th days of June, 1879. The court below denied the application.

*George W. Gordon, D. Bixler,* and *Grove L. Johnson,* for Appellant.

*Cornelius Cole,* for Respondent.

Ross, J.:

By § 3447 of the Political Code the petition for the formation of the swamp land district in question was required to "be published for four weeks next preceding the hearing thereof," in some newspaper, etc. And § 3258 of the same code declares: "A week consists of seven consecutive days."

It is obvious that the petition could not be published for four weeks *next preceding* its hearing, unless it was published for four *consecutive* weeks. And inasmuch as the petition could not be published for four consecutive weeks, unless it was published *at least once* a week for that period, and since the statute defines a week to be seven consecutive days, it necessarily results that it could not be published for four weeks next preceding its hearing unless it was published at least once every seven days for the period of four weeks next preceding the hearing. Whether a publication once a week for the time mentioned when made in a newspaper published oftener than that, is sufficient under the statute, need not be determined in this case, since it appears from the findings of the court below that there were two intervals of more than

seven consecutive days in the four weeks next preceding the day fixed for hearing the petition, in which there was no publication of the petition.

The statutory publication was one of the jurisdictional steps in the proceedings, and as the petition in question was not published in accordance with the requirement of the statute, all of the subsequent proceedings were invalid.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

McKINSTRY, J., and McKEE, J., concurred.