THE CITY OF PEORIA

*v.*

JOHN OHL *et al.*

*Opinion filed April 20, 1904.*

1. PUBLIC IMPROVEMENTS—*engineer's estimate of cost of sidewalk is required, notwithstanding amendment of 1901.* Under the amendment of 1901 to section 7 of the Local Improvement act, (Laws of 1901, p. 104,) providing that no resolution or public hearing shall be necessary in case of the laying of sidewalks, etc., the engineer's estimate of the cost is still required and its character is not affected by the amendment.

2. SAME—*engineer's estimate of cost of local improvement must be itemized.* The engineer s estimate of the cost of a local improvement, to be made by special assessment or special taxation under the Local Improvement act of 1897, must be itemized, and it is not sufficient to estimate the cost in gross. (*Adcock* v. *City of Chicago,* 172 Ill. 24, and *Gage* v. *City of Chicago,* 203 id. 26, explained.)

APPEAL from the County Court of Peoria county; the Hon. W. I. SLEMMONS, Judge, presiding.

WALTER H. KIRK, (WILLIAM M. BARNES, and HENRY C. FULLER, of counsel,) for appellant.

GEORGE K. BEASLEY, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a proceeding in the county court of Peoria county to confirm a special tax to pay for constructing a cement sidewalk upon one of the public streets of said city under the Local Improvement act of 1897, as amended in 1901. Objections to the confirmation of the special tax were filed by appellees as to their property, on the grounds that the Local Improvement act, as amended, is unconstitutional, and that no sufficient itemized estimate of the cost of the improvement was made by the engineer of the board of local improvements prior to the passage of the ordinance providing for the construction of the sidewalk. The court sustained the last objection

and dismissed the proceeding, and an appeal has been prosecuted to this court by the city.

The only question presented for our consideration upon this appeal is, was the estimate of the engineer presented to the city council with the ordinance providing for the construction of the sidewalk, in compliance with the requirements of the Local Improvement act, as amended in 1901?

The estimate of the engineer presented to the city council with the ordinance is in the following form:

"At the request of such board I submit below an estimate of the cost of constructing the sidewalk above described and as designated in and in accordance with the ordinance therefor hereto attached, including the labor, material and other expenses attending the same, as provided by law, viz.:

451 lineal feet of sidewalk six (6) ft. in width............$301.00
Court costs, collections, etc., 6% .......................... 18.06

Total ...................................................$319.06

"And I hereby certify that in my opinion the above estimate does not exceed the probable cost of the above proposed improvement.

"Peoria, Illinois, August 10, 1903.

"Respectfully submitted, H. E. BEASLEY,
*City Engineer and Eng. of such Board.*"

Section 7 of the Local Improvement act of 1897 provides all ordinances for local improvements to be paid for wholly or in part by special assessment or special taxation shall originate with the board of local improvements; that the board may originate such improvements upon petition or upon its own motion; that in either case the board shall adopt a resolution describing the proposed improvement, which shall be at once transcribed into the records of the board; that the board, by said resolution, shall fix a day and hour for the public consideration thereof, which shall not be less than ten days after the adoption of the resolution, and shall cause an estimate of the cost of such improvement to be made in writing by the engineer of the board over his signature,

which shall be itemized to the satisfaction of the board and which shall be made a part of the record of such resolution; that at least a five days' notice of the public hearing shall be given to the person who paid the general tax for the last preceding year on each lot, block, tract or parcel of land fronting upon the proposed improvement, which notice shall contain the substance of the resolution and the estimate of the cost of the improvement, and that the extent, nature, kind, character and estimated cost of the·improvement may be changed at the public hearing. The statute also provides that if the board deem an improvement desirable it shall adopt a resolution therefor, and shall prepare and submit an ordinance therefor to the city council. By the amendment of 1901 it was provided that in proceedings only for the laying, building, constructing or repairing of sidewalks, water service pipes or house drains no resolution, public hearing or preliminary proceedings leading up to the same shall be necessary, but in such proceedings the board may submit to the city council an ordinance, together with its recommendation and the estimate of the cost of the improvement made by the engineer as herein provided for, and that such proceedings shall have the same force and effect as though a public hearing had been had thereon.

It is clear that under the original act the same steps were required to be taken to raise a fund by special assessment or special taxation with which to pay the cost of constructing a sidewalk under that act as are required in cases of other local improvements constructed thereunder, and it is equally clear that the provisions of the original act providing for the engineer's estimate of the cost of a sidewalk, and that it should be itemized, were not changed by the amendment. Under the amendment the preliminary resolution, a public hearing, the giving of notice thereof, etc., in proceedings for the laying, building, constructing and renewing of a sidewalk, are

not necessary, but the provision that an itemized estimate of the cost of all local improvements, which would include a sidewalk, as provided for by the original act, was not affected by the amendment, and the itemized estimate which the amendment provides shall be submitted to the city council with a sidewalk ordinance is the engineer's itemized estimate of the cost thereof designated in the statute prior to the amendment thereof. That being true, it is clear an estimate by an engineer which gives the cost of a proposed sidewalk in a gross sum, as was the case here, is not a compliance with the provisions of the statute requiring that the cost thereof be itemized. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636.) In the *Bickerdike case* it was said by counsel on behalf of the city, that all that the property owner is entitled to be informed of, is the character of the improvement, the extent of the improvement and the cost thereof, and it was urged it would be of no possible benefit for the property owner to know the cost of the different materials which enter into the construction of the improvement. In reply to that argument the court held the statute in express terms required the estimate of the engineer to be itemized, and was mandatory, and said the requirements of the statute are not merely for the purpose of enabling the board to act, but are also for the benefit and protection of the owners of property to be assessed, and for their protection the requirements of the statute must be complied with. It was also held in that case that the proceedings prior to the adoption of the ordinance required by the statute were jurisdictional, and unless they were complied with no valid ordinance could be passed. Our conclusion therefore is, the estimate presented with the ordinance to the city council was not in compliance with the statute, and that the county court did not err in refusing to confirm the special tax.

It is urged that the estimate in the case of *Adcock* v. *City of Chicago,* 172 Ill. 24, is substantially like the esti-

mate in the case at bar. That proceeding, however, was carried on under the act of 1872, which did not require, as does the act under which this proceeding is being carried on, that the estimate of the engineer of the cost of the improvement be itemized.

It is also said the record in the case of *Gage* v. *City of Chicago*, 203 Ill. 26, shows that the estimate of the cost of the improvement in that case, which was for a cement sidewalk, is in form the same as the estimate in this case, and that the judgment of confirmation in that case was affirmed by this court. An examination of the opinion of this court filed in that case will disclose the fact that the question here presented was not there considered by the court.

The judgment of the county court will be affirmed.

*Judgment affirmed.*