## DAVID B. LYMAN, Trustee,

### v.

## THE TOWN OF CICERO.

*Opinion filed October 23, 1906.*

1. SPECIAL ASSESSMENTS—*ordinance must be for same improvement recommended by board.* The board of trustees of a town can pass an ordinance only for the same improvement recommended by the local improvement board, and a substantial variance between the improvement recommended and the one described in the ordinance is ground for an objection to confirmation of the assessment.

2. SAME—*what is not a variance in description of improvement.* The fact that the ordinance for a "curb" on certain specified streets excepts the roadways of intersecting streets and alleys, whereas such roadways were not excepted from the improvement as described in the proceedings of the local improvement board, does not constitute a variance.

3. SAME—*resolution for improvement should fix time and place for public hearing.* A resolution of the improvement board fixing a day for the public hearing but which fails to specify the hour and place does not comply with the statute, and it cannot be presumed that the clerk fixed an hour and place in the notices mailed by him as he is not authorized by law to do so, and any attempt by him to supply the omission would be ineffectual.

4. SAME—*statute must be complied with irrespective of question of injury to property owners.* Where a municipality attempts to fasten a charge upon the property of an individual the law authorizing the creation of such charge must be followed, irrespective of the question of injury or inconvenience to the property owner resulting from a failure to comply with the law.

5. SAME—*when the estimate of cost is not sufficiently itemized.* Where an ordinance provides for a concrete curb of certain dimensions, and for a sub-foundation, made by excavating and laying in a bed of cinders, which must be flooded and tamped, an estimate showing the cost of the concrete work per lineal foot and the cost of the proceedings is not sufficiently itemized, where there is nothing to show that the cost of the sub-foundation was included in the estimate. (*Hulbert v. Chicago*, 213 Ill. 452, distinguished; *Peoria v. Ohl*, 209 id. 52, followed.)

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

LYMAN, BUSBY & LYMAN, and HAYES McKINNEY, for appellant.

JOHN J. SHERLOCK, (MASTIN & SHERLOCK, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

To the application of appellee for the confirmation of a special assessment to defray the cost of a concrete curb on various streets and avenues in the town of Cicero, appellant, as trustee of the Grant Land Association, filed objections that the improvement described in the ordinance was not the same as the one considered in the preliminary proceedings by the board of local improvements and recommended by said board, that no public hearing was held by said board as required by law, and that the estimate of the cost of the improvement was not itemized. The objections were overruled and judgment of confirmation was entered.

' The board of trustees of the town of Cicero could only consider and pass an ordinance for the same improvement recommended by the board of local improvements, and if there was a substantial variance between the improvement recommended and the one described in the ordinance, such variance would be a good ground of objection to the special assessment. (*Smith* v. *City of Chicago,* 214 Ill. 155; *Wetmore* v. *City of Chicago,* 206 id. 367.) In the proceedings before the board of local improvements the improvement was described as a curb on certain specified sides of the streets and avenues, without excepting the roadways of intersecting streets and alleys, while in the ordinance such roadways of intersecting streets and alleys were excepted. We do not regard the difference in the description as a variance. In *Mead* v. *City of Chicago,* 186 Ill. 54, where an ordinance provided for a curb and gutter along adjoining lots and blocks but not across the roadways of intersecting·

streets and alleys, and the estimate of cost did not exclude such roadways, it was said that the estimate must be read in the light of common knowledge and experience, and that the estimate would not be held to include an impossible and unlawful construction across the roadways of intersecting streets and alleys. That decision was followed in *Rollo* v. *City of Chicago,* 187 Ill. 417. The common meaning of the word "curb," as applied to a street, is a stone or row of stones, or a similar construction of concrete, wood or other material, along the margin of the roadway, as a limit to the roadway and a restraint upon and protection to the adjoining sidewalk space. The word could not be applied to such an impassable construction across a roadway which would prevent travel, and the language used in the proceedings before the board of local improvements will not bear that construction.

The next objection, that there was no public hearing as required by law, should have been sustained. The Local Improvement act requires the board of local improvements, when adopting a resolution for a proposed improvement, to fix by the same resolution the day and hour for the public consideration thereof, and to give notice of the time and place of such public consideration or hearing. The board adopted a resolution originating a scheme for this improvement, and by the same resolution fixed upon September 28, 1905, at the hour of eight o'clock P. M., at the town hall of Morton Park, in the town of Cicero, as the time and place for the public hearing. The board met at the time designated in the resolution, at the Morton Park Club house in the town of Cicero, which apparently was not the place fixed in the resolution. But whether it was the same place or not, no notice was given of the meeting. There was no action concerning the improvement at that time and the hearing was not adjourned to any other time. The board afterward met on October 5, and by resolution fixed on November 2 for the public hearing, but no hour or place for the hearing

was fixed. The clerk testified that he sent out notices of the hearing, but what the notices contained does not appear. The board met on November 2, and after making some changes in the dimensions of the curb, resolved that the improvement should be made as so changed, and on December 27 recommended it to the board of trustees. The resolution of October 5 was not a compliance with the statute, as it fixed no place or hour for the public hearing, but it is urged that we should presume that the clerk named an hour and place in his notices and that the defect was thereby cured. The clerk was not authorized to fix either the hour or the place, and the board which was required to do so failed to fix either. We are not authorized to presume that the clerk did an act which he was not authorized by law to do, and any attempt by him to fix a time and place would have been ineffectual.

It is further argued that it was immaterial to the property owners in what form the proceedings before the board of local improvements were carried on, for the reason that they were not injured or inconvenienced by any failure to comply with the law. It may be that the improvement would have been inaugurated by the board in any event, but the property owners were entitled to the protection of the law and to a public hearing, and the rule is, that where a municipality attempts to fasten a charge upon the property of an individual, the law which authorizes the creation of the charge or liability must be followed.

The remaining objection was that the cost of the improvement was not itemized, as required by law. Where an improvement consists of substantially different parts or elements the estimate must state each part or element separately, with the cost of each in separate items. (*City of Peoria* v. *Ohl,* 209 Ill. 52.) The ordinance in this case provided for a concrete curb seven inches thick and thirty inches in depth. It also provided that a sub-foundation seven inches wide should first be prepared by excavating the ground three feet below what would be the top surface of the curb when

completed; that upon such foundation should be laid a bed of cinders, which should be flooded and thoroughly tamped; that after being so flooded and tamped the cinder bed above such foundation should be six inches thick, and that the concrete curb should be constructed upon that bed and be backfilled with material from the excavation. The estimate of cost was as follows:

"54,791 lineal feet of curb 7 inches in thickness, 2½ feet
   in depth, at $.65 per lineal foot...................$35,614.15
Cost of proceedings................ ...................   2,136.80
                                                        _____
   Total.......... .............. .................$37,750.95"

The estimate described only the concrete portion of the improvement seven inches in thickness and two and one-half feet in depth, and apparently the excavation and foundation of cinders was not included. If the cinder foundation was included, the cost of the curb was estimated in gross and not itemized. Counsel for appellee say that if there are two items in an estimate the estimate is itemized and the law satisfied, and that this estimate contains two items,—the cost of the curb and the cost of the proceedings. It is the cost of the improvement that is to be itemized for the information of the property owners, and the extent to which separate items are to be set down evidently depends upon the nature of the improvement, which may all be fairly included in one item or may consist of several. It is true that in the case of *Hulbert* v. *City of Chicago*, 213 Ill. 452, one of the items consisted of the combined curb and gutter on cinders estimated by the lineal foot, but that estimate showed that the cinder foundation was included and other separate parts of the improvement were separately estimated. We are not able to distinguish this estimate from the one held insufficient in *City of Peoria* v. *Ohl, supra.*

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER took no part in the decision of this case.