THE CITY OF CHICAGO, Appellee, *vs.* STELLA R. DAVIS *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. SPECIAL ASSESSMENTS—*resolution need not describe improvement with the particularity required in ordinance.* The resolution of the board of local improvements (which must include the estimate of the engineer) need not describe the improvement with the particularity required in the ordinance, and it is not necessary that the ordinance itself shall set out every detail.

2. SAME—*inclusion, in estimate, of work not needed does not render entire proceeding void.* The fact that the engineer's estimate calls for a gross sum for "adjusting sewer man-holes and catch-basins and constructing and connecting catch-basin inlets," whereas there are, in fact, no sewer man-holes to be adjusted, does not render the entire proceeding void, as such matter is a mere minor detail not materially affecting the improvement.

3. SAME—*fact that item of estimate is too high is not a valid objection.* The fact that an item of the engineer's estimate is too high is not an objection which may be urged against the confirmation of the assessment in the absence of fraud or mistake in the making of such estimate, as property owners, after the improvement is completed, cannot be compelled to pay more than its actual cost.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

GEORGE A. MASON, and EDWARD C. HIGGINS, (WILLIAM T. HAPEMAN, of counsel,) for appellants.

PHILIP J. MCKENNA, and EUGENE H. DUPEE, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county overruling certain legal objections and confirming an assessment for paving with creosoted

wooden blocks East Sixty-third street from South Park avenue to Cottage Grove avenue, in Chicago.

The sole question urged here is, that the trial court should have sustained the objection to the estimate of the engineer as to the following item: "Adjusting sewer man-holes and catch-basins and constructing and connecting catch-basin inlets, $1621." Oral proof offered on the hearing showed that all the sewer man-holes in the portions of the street in question are in the street railroad right of way, the paving of which is excepted from the ordinance. It appears from evidence offered by appellants that there were catch-basins in the proposed improvement in need of adjustment and catch-basin inlets to be constructed. It is argued that the estimate of the engineer is excessive and void because it specifies the adjusting of sewer man-holes, when, in fact, there were no such man-holes to be adjusted. The estimated cost of the entire improvement is $38,500. Manifestly, the estimated cost for adjusting sewer man-holes is very small as compared with the cost of the entire improvement, and, indeed, it must be necessarily small as compared with the one item objected to. This court has repeatedly said that the statute does not require that an improvement ordinance should set out every detail of the improvement, (*City of Chicago* v. *LeMoyne,* 243 Ill. 379, and cases cited,) and that it is not necessary that the resolution passed by the board of local improvements (which must include the estimate of the engineer) describe the improvement with the same particularity as it is required to be described in the ordinance. (*Hulbert* v. *City of Chicago,* 213 Ill. 452, and cases cited.) We said in *Mead* v. *City of Chicago,* 186 Ill. 54, that no rational engineer would include in his estimate the building of combined curbs and gutters across streets in the city of Chicago even though the estimate apparently included it. The same can be said with reference to this objection to the estimate requiring the adjustment of sewer man-holes when it turns

out there is no such work to be performed. The inclusion of the adjustment of sewer man-holes in the engineer's estimate does not render the whole proceeding void. In addition to the authorities already cited, the following also support this conclusion: *Lyman* v. *Town of Cicero,* 222 Ill. 379; *Rollo* v. *City of Chicago,* 187 id. 417; *Town of Cicero* v. *Skinner,* 220 id. 82; *Chicago Consolidated Traction Co.* v. *Village of Oak Park,* 225 id. 9.

Such authorities as *City of Chicago* v. *Nodeck,* 202 Ill. 257, and *Doran* v. *City of Murphysboro,* 225 id. 514, relied upon by appellants to sustain this objection, are not in point. The objections in those cases referred to items of the estimate that made up substantial component elements of the proposed improvement. Here the objection only refers to a mere minor detail, and does not affect, materially or essentially, the proposed improvement.

Proof was offered tending to show that the cost of adjusting the catch-basins and constructing and connecting catch-basin inlets would only be from $384 to $448, and it is objected that this item of the estimate is so grossly excessive as to render the assessment void. The actual cost of a public improvement cannot be estimated with absolute accuracy before the work is actually done. The best estimate will generally prove either too low or too high. (*City of Chicago* v. *Noonan,* 210 Ill. 18; *City of Nokomis* v. *Zepp,* 246 id. 159.) To compel the city, when objections are made on the ground that estimates are excessive, to go into a general hearing involving the price of labor and materials and the various conditions which might enhance or lessen the cost of the improvement, would be to construe the local improvement statute in a way not contemplated by the legislature and lead to much vexatious and unnecessary litigation. (*Connecticut Mutual Life Ins. Co.* v. *People,* 172 Ill. 31.) In the absence of fraud or mistake on the part of those appointed by law to estimate the cost of the improvement, the property owner cannot interpose as a de-

fense that the actual cost will be less than the estimated cost. (*Danforth* v. *Village of Hinsdale,* 177 Ill. 579.) There was no attempt to prove here that the engineer of the board of local improvements made a mistake or acted fraudulently in making the estimate of the item in question. After the work is completed according to the ordinance the property owners will not be compelled to pay more than its actual cost. *People* v. *McWethy,* 177 Ill. 334; *City of Peoria* v. *Smith,* 232 id. 561.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*