THE CITY OF WAUKEGAN, Appellee, *vs.* N. WETZEL *et al.* Appellants.

*Opinion filed February 21, 1914.*

1. SPECIAL ASSESSMENTS—*when the resolution is not sufficiently itemized as to the curb and gutter.* A provision in the resolution of the board of local improvements reading, "11,000 lineal feet of concrete combined curb and gutter in place, at 60c per lineal foot, $6600," is not sufficiently itemized, where it appears from the ordinance that the curb and gutter is to be placed upon a six-inch bed. of compacted cinders, to which no reference is made in such provision. (*Lyman* v. *Town of Cicero,* 222 Ill. 379, followed; *Hulbert* v. *City of Chicago,* 213 id. 452, distinguished.)

2. SAME—*street railway not liable for cost of that part of culvert under its right of way.* The fact that a street railway company is obligated to pave its right of way when the street is paved does not obligate it to pay the cost of that portion of a culvert under its tracks, and it is proper to require the cost of the entire culvert to be paid for by special assessment.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

COOKE, POPE & POPE, for appellants.

ARTHUR BULKLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lake county confirming a special assessment for improving the roadway of a portion of Washington street, in Waukegan, with a brick pavement and combined curb and gutter, at an estimated cost of $46,649.96. The ordinance provided that this pavement should be built by the city by a special assessment on the property benefited, except that portion between lines nine feet each side of and parallel with the center line of said roadway, said excepted portion to be paved with the same material as the remaining portion by the Waukegan, Fox Lake and Western Railway Company, its successors or assigns, in conformity with an ordinance granting said railway company permission to lay its tracks in said street. Appellants are owners of property upon which a special assessment has been levied for such improvement.

Appellants contend that the resolution of the board of local improvements was not sufficiently itemized as to the combined curb and gutter. The item covering this question reads: "11,000 lineal feet of concrete combined curb and gutter in place, at 60c per lineal foot, $6600." The ordinance, after describing the curb and gutter, provides that the "said combined curb and gutter shall be constructed in place upon a bed of cinders, which, after being flooded with water and compacted to an even surface, shall be six inches in thickness." The item in the resolution does not refer specifically to said bed of cinders that is to serve as a foun-

dation. In *Lyman v. Town of Cicero,* 222 Ill. 379, a very similar question was presented for our consideration. It was argued, as it is here, that the cinders might be fairly understood to be included in the item for the curb. In that case we said (p. 383): "If the cinder foundation was included, the cost of the curb was estimated in gross and not itemized. * * * It is true that in the case of *Hulbert v. City of Chicago,* 213 Ill. 452, one of the items consisted of the combined curb and gutter on cinders estimated by the lineal foot, but that estimate showed that the cinder foundation was included."

It is insisted by counsel for appellee that the narrative part of the estimate states that the combined curb and gutter is to be laid upon six inches of cinders, and that therefore it must be inferred that the cinders were included in the item of the estimate heretofore quoted. The opinion in the case just referred to does not state the fact, but an examination of the record in the office of the clerk of this court shows that the narrative part of the resolution of the board of local improvements stated the same thing in that case as is stated in this estimate. We cannot distinguish, on principle, the itemizing of the estimate as to the curb in that case from the itemizing of the estimate as to the combined curb and gutter in this case. In the cases cited by appellee which it is contended hold that this itemization is sufficient, such as *Hulbert v. City of Chicago, supra,* and *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 id. 9, the cinders which were to serve as the foundation were specifically in the item of the estimate referring to the curb and gutter. The county court erred in not sustaining the objections of appellants as to this point.

The improvement ordinance required that there should be constructed at a certain point under such roadway, a reinforced concrete box-culvert of six feet clear span, sixty-six feet long. This culvert ran under the eighteen-foot strip of the improvement which was to be constructed by

the Waukegan, Fox Lake and Western Railway Company, its successors or assigns. It is contended by appellants that the cost of said eighteen feet of the culvert should not be paid for by special assessment but by said railway company. The franchise ordinance provided that said railway company should pave said eighteen feet with material of the same character as put in by the city and keep the same in good repair. Under similar provisions of franchise ordinances this court has held that railway companies were not obligated to put in underground improvements but only the surface improvements or pavement. (*Bickerdike* v. *City of Chicago,* 185 Ill. 280; *McChesney* v. *City of Chicago,* 213 id. 592.) The railway company was not liable for the cost of that part of the culvert extending under its right of way.

The estimate in the ordinance provided for the extra cost of constructing one hundred square yards of concrete foundation under the ties of a railway. Neither the estimate nor ordinance names the railway company referred to. It is insisted by appellants that this necessarily must refer to the foundation under the ties of the Waukegan, Fox Lake and Western Railway Company and that said company should pay for it, while appellee insists that it refers to the extra cost for foundation under the ties of the Chicago and Milwaukee Electric Railroad Company, which counsel states has tracks in a part of this street. The assessment roll shows that this last named company is assessed for this improvement. The item in the assessment for the one hundred square yards in question is $330. The Chicago and Milwaukee Electric Railroad Company is assessed $1086 on its franchise and certain visible property located on its right of way, and appellee insists that from these facts, and reading the estimate and the entire ordinance together, this $330 is for the foundation under the ties of said railroad track. We are disposed to hold, considering all the facts in the record on this point, that the contention of appellee in this regard is correct. It is not,

however, improper to state that the ordinance and estimate might easily have been made more specific, so that no question could have been raised on this point.

Certain other objections are raised by appellants in their reply brief which are not raised in the original briefs filed. Under the rules of practice in this court such questions can not be considered.

For the failure to properly itemize the estimate as to the combined curb and gutter, the judgment of the county court must be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*