---

(No. 16347.—Judgment affirmed.)
THE CITY OF HARVARD, Appellant, *vs.* M. D. ROACH *et al.* Appellees.

*Opinion filed December 16, 1924.*

1. SPECIAL ASSESSMENTS—*the estimate and ordinance together should sufficiently describe improvement.* Uncertainty in the description of an improvement may be removed by reading together the estimate and the ordinance, but these must be sufficient, with the plat filed therewith, to describe the improvement without calling upon parol testimony except to explain the meaning of the plat.

2. SAME—*purpose of requiring description of the improvement.* The purpose of requiring the ordinance and estimate to describe the improvement is that the improvement provided for may be required to be constructed within the estimate.

3. SAME—*estimate must state the cost of each component element of improvement.* The description of the improvement is an essential element of a local improvement ordinance, and while it is not necessary that every item of the improvement be described, it is essential, where an improvement consists of substantially different parts or elements, that the estimate state each part or element separately and the cost thereof.

4. SAME—*when paving ordinance does not sufficiently describe storm-water drains.* A paving ordinance does not sufficiently describe the improvement where it provides for the construction of

storm-water drains and the connection of storm-water inlets with existing drains without describing the depth of the drains or length of the connections required.

5. SAME—*when estimate should state cost of cinder base for a combined curb and gutter.* Where a paving ordinance provides for a six-inch cinder base for a combined curb and gutter the estimate should state separately the cost of such cinder base; and the estimate of the cost of the curb and gutter per lineal foot is not sufficient to include such item.

APPEAL from the County Court of McHenry county; the Hon. CHARLES P. BARNES, Judge, presiding.

J. J. McCAULEY, and D. T. SMILEY, for appellant.

PAUL J. DONOVAN, (E. H. WAITE, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant, the city of Harvard, filed its petition in the county court of McHenry county for the paving of certain streets in said city by special assessment, in accordance with the Local Improvement act. Appellees filed various objections to the ordinance and confirmation of the assessment roll. Objections 15 and 18 were sustained by the court and the petition dismissed. Objection 15 is, that the ordinance does not sufficiently describe the nature, character and locality of the proposed improvement, for the reason that it provides that brick storm-water inlets shall be connected with the existing storm-water drains, or the storm-water drains provided in the ordinance, without showing the location of the existing storm-water drains or the length or depth from the water inlets to the existing drains. Objection 18 is, that the estimate of the cost of the improvement is not sufficiently itemized as to the proposed curb and gutter, in this: that the cost of the cinder foundation of the gutter is not separately itemized.

Evidence was heard and a plat and profile plan of the improvement, showing elevations, was introduced in evidence. It is shown by the plat and the oral testimony that there are storm-water drains in some of the streets to be paved. The ordinance provides that vitrified tile-pipe storm-water drains shall be constructed where such drains do not already exist. While the proposed drains are described and the depth according to city datum is given, the ordinance does not state whether such storm-water drains are to be connected with a sewer, and if so, where that sewer is or the amount of tile necessary to reach it at the point or points where the storm-water drains connect therewith. The provision for storm-water inlets to which the objection refers is as follows: "Brick storm-water inlets shall be constructed where necessary and shall be eighteen (18) inches in depth, two (2) feet in internal diameter, with walls and bottoms eight (8) inches in thickness, and shall have placed thereon, so as to conform to the grade and line of the completed curb and gutter flag, a cast-iron cover inlet similar and equal to the cast-iron catch-basin cover known as No. 18, manufactured by the T. A. Cummings Foundry Company of Chicago, Illinois, said inlets to be connected with the existing storm-water drains, or the storm-water drains herein provided for to be constructed, by means of vitrified tile-pipe of eight (8) inches internal diameter." The estimate filed with the ordinance provides for twenty of these storm-water inlets, at a cost of $25 each.

Appellant contends that the objection of the appellees is met by the plat filed in evidence and by the testimony in the case, which show the elevation of the surface of the ground and of the bottom of the proposed drains. The rule is, that if uncertainty as to the description of the improvement may be removed by reading together the estimate and the ordinance, such should be done to obtain the proper description. (*Village of Ladd* v. *Chicago, Ottawa and Peoria Railway Co.* 283 Ill. 260.) It is, however, nec-

essary that the ordinance and the estimate, taken with the plat filed therewith, sufficiently describe the improvement without calling upon parol testimony except to explain the meaning of such plat. The purpose of so requiring is that the improvement provided for by the ordinance may be required to be constructed within the estimate furnished therewith. There is nothing in the ordinance, estimate or plat filed which shows the depth of the storm-water drains already in these streets, and therefore no method of determining how much tiling is required or whether the same can be built within the estimate of $25 per inlet. The description of the improvement is an essential element of a local improvement ordinance, and while it is not necessary that every item of the improvement be described, it is essential, where an improvement consists of substantially different parts or elements, that the estimate state each part or element separately and the cost thereof. (*Lyman* v. *Town of Cicero,* 222 Ill. 379; *City of Peoria* v. *Ohl,* 209 id. 52.) In *City of Bloomington* v. *Davis,* 309 Ill. 20, the ordinance provided that the inlets and drains should connect with the sewer. There was no length and depth of drains specified and no reference to the sewer to which they were to be connected, further than designating it to be a public sewer. Such was there held not to be a sufficient description of the essential parts of the improvement. The ordinance in this case is very similar. While the elevation above city datum of the bottom of the storm-water drains to be put into the streets is shown, as well as the elevation of the surface of· the improvement when completed, there is nothing in the ordinance or plat, as we have seen, showing the depth of the drains already in these streets, and therefore the length of the tiling connecting these drains with the inlets cannot be determined. We are of the opinion that the ordinance is deficient in this regard and that the court did not err in sustaining the 15th objection.

Likewise the 18th objection is valid. While the estimate of the cost of the curb is "9190 feet of Portland cement concrete combined curb and gutter, at $1 per lineal foot," etc., there is nothing in the estimate showing the cost of the foundation of the gutter, which under the ordinance is to consist of six inches of cinders well tamped. It is true that the preamble of the estimate filed shows as follows: "Including the cost of all material complete in place, the cost of engineering and inspection and the cost of making, levying and collecting the assessment therefor, as provided by law," etc. This, however, is not sufficient to supply the omission of a substantial part of an improvement. The cost of the six-inch base of cinders should have been estimated separately. The estimate for the combined curb and gutter does not indicate what the foundation of the gutter is to be, and while such is provided by the ordinance to be of cinders, an estimate of the cost should have been filed. An objection almost identical with this was considered by this court in the case of *City of Waukegan* v. *Wetzel*, 261 Ill. 498. The ordinance in that case describing the improvement provided for a bed of cinders, as here. The estimate of the cost was for a concrete combined curb and gutter in place at sixty cents per lineal foot, and it was argued that the cinders might be fairly understood to be included in the item of the curb. It was there held that if the cinder foundation was included in the cost of the curb it was estimated in gross and not itemized, as required. To the same effect is *Lyman* v. *Town of Cicero, supra.* The estimate as to the cost of the curb and cinder foundation was not sufficient and the court did not err in so holding.

The judgment will therefore be affirmed.

*Judgment affirmed.*