[Civ. No. 5500.    Second Appellate District, Division Two.—April 6, 1927.]

## COUNTY OF LOS ANGELES, Petitioner, v. H. A. PAYNE, County Auditor, et al., Respondents.

[1] STATUTORY CONSTRUCTION—RULES INAPPLICABLE.— Notwithstanding an act of the legislature, such as the County Water Works District Act (Deering's Gen. Laws of 1923, p. 3784), provides that it shall be liberally construed to effect the purposes thereof, the courts cannot apply a rule of construction where there exists no room for construction.

[2] ID.—LEGISLATIVE INTENT—SUBSTANTIAL COMPLIANCE.—Where the legislative language is clear and unambiguous there must be a substantial compliance therewith.

[3] WATER DISTRICTS—COUNTY ACT—NOTICE OF PETITION—JURISDICTIONAL REQUIREMENTS—JUDICIAL CONSTRUCTION.—The language of the County Water Works District Act that the notice of the hearing of the petition for the formation of the district shall be "published at least once a week for two consecutive weeks" and that said notice must be "published, as above provided, at least ten days before the date set for the hearing of said petition," leaves no room for doubt or uncertainty as to what is required, and the giving of such notice is a necessary jurisdictional step in the proceedings, and the court cannot by judicial construction shorten the period of two weeks or fourteen days to eight days.

[4] ID.—WHEN JURISDICTION REQUIRED—TIME TO FILE PROTESTS.— Under the County Water Works District Act, jurisdiction is not acquired until the notice of hearing of the petition is published once every seven days for a period of two weeks; and the requirement that the said notice shall be published at least ten days before the date of the hearing means that after the publication is complete the residents shall have ten days within which to prepare and file their protests to the formation of the district.

---

1.    See 23 Cal. Jur. 721; 25 R. C. L. 957.
4.    See 23 Cal. Jur. 380; 26 R. C. L. 744.

[5] ID. — INSUFFICIENT NOTICE — LACK OF JURISDICTION. — Under the County Water Works District Act, where a petition for the formation of a district·is filed with the board of supervisors, and the time for hearing is fixed for February 8th, and the clerk gives notice of the hearing by posting in three public places and also by publication in a designated newspaper on January 19th and 26th, the time is insufficient and jurisdiction is not acquired.

[6] ID.—ESTIMATE OF COST—INCIDENTAL EXPENSES—SEPARATE ESTIMATE.—The requirement of the County Water Works District Act that the petition for the formation of the district shall contain "an estimate of the cost of the proposed improvement and of the incidental expenses in connection therewith," is not met by a gross estimate of the whole cost, but a separate estimate of the incidental expenses is necessary to the acquisition by the board of jurisdiction.

---

(1) 36 Cyc., p. 1106, n. 28.    (2) 36 Cyc., p. 1107, n. 32.    (3) 40 Cyc., p. 774, n. 70.

APPLICATION for a Writ of Mandate directing the county auditor to countersign county water works district bonds. Denied.

The facts are stated in the opinion of the court.

Everett W. Mattoon, County Counsel, and Pierce Works and Robert C. Wygant, Deputies County Counsel, for Petitioner.

Goodfellow, Eells, Moore & Orrick and Leonard S. Barnes for Respondents.

THOMPSON, J.—The petitioner seeks a writ of mandate directing the County Auditor of Los Angeles County, H. A. Payne, to countersign the bonds of the Los Angeles County Water Works District No. 9. The respondent Payne and the respondent Alleman, a taxpayer of the district, have appeared by demurrer, so that for the purposes hereof we may refer to the petition for the facts. It appears therefrom that on January 11, 1926, a petition for the formation of the water works district signed by the

---

5. Construction of requirement of publication once per week for certain number of weeks, note, Ann. Cas. 1917B, 209. See, also, 26 Cal. Jur. 574; 21 R. C. L. 1301.

requisite number of freeholders was presented to the board of supervisors, together with the map and bond as required; that the board fixed February 8, 1926, as the time for the hearing of the petition and protests, if any; that notice thereof was given by the clerk by posting in three public places and also by publication in the "Compton News-Tribune" on January 19, 1926, and January 26, 1926. The County Water Works District Act (Deering's Gen. Laws of 1923, p. 3784) requires that "The said clerk shall also cause a notice . . . to be published at least once a week for two consecutive weeks in a newspaper of general circulation printed and published in the county in which the proposed district is located and designated by said board for that purpose. Said notice must be posted and published, as above provided, at least ten days before the date set for the hearing of said petition." The respondents assert that the publication recited was insufficient and was not in compliance with the provisions quoted. It also appears from the pleadings here that in the petition presented to the board, the estimate of the cost of the proposed improvement and of the incidental expenses in connection therewith was set forth as follows: "The estimated cost of the improvement together with the incidental expenses in connection therewith is Seventy Thousand Dollars ($70,000.00)." The respondents take the position that this is not sufficient to meet the requirements of the act that the petition shall contain "an estimate of the cost of the proposed improvement and of the incidental expenses in connection therewith."

[1] We proceed to the inquiry with the mandate of the statute in mind that it shall be liberally construed to effect the purposes thereof. As was said by us in a recent decision, "We cannot, however apply a rule of construction where there exists no room for construction." (*In re Flesher,* 81 Cal. App. 128 [252 Pac. 1057].) [2] Where the legislative language is clear and unambiguous there must be a substantial compliance therewith. [3] We find no room for doubt or uncertainty in the requirement that the notice shall be "published *at least* once a week for two consecutive weeks" and that said notice must be "published, as above provided, *at least* ten days before the date set for the hearing of said petition." (Italics ours.)

The notice herein provided for is unquestionably the method provided by law for acquiring jurisdiction and is a necessary jurisdictional step in the proceedings. (*Williams* v. *Board of Supervisors,* 58 Cal. 237; *Bliss* v. *Hamilton,* 171 Cal. 123 [152 Pac. 303].) Petitioner's claim that the requirement for publication for two consecutive weeks relates to the manner of the publication and not to the period of time, cannot be sustained. Its argument finds some apparent support, it is true, from the direction in the act to the board to set the petition for hearing on a day not less than twenty-one nor more than thirty days from its filing. It has been held, however, that this is directory and not mandatory. (*Bliss* v. *Hamilton, supra.*) Aside from this, however, is the equal certainty of the jurisdictional requirement that notice be published at least once a week for two consecutive weeks. We cannot by judicial construction shorten the period of two weeks or fourteen days to eight days. Nor can we say that jurisdiction is required by any publication short of the requirement. [4] Jurisdiction is not acquired until the publication is complete and inasmuch as it could not be published for two consecutive weeks unless it was published once every seven days for the period of two weeks, it was not complete. (*Williams* v. *Board of Supervisors, supra; Seccombe* v. *Roe,* 22 Cal. App. 139 [133 Pac. 507]; *Foster* v. *Vehmeyer,* 133 Cal. 459 [65 Pac. 974].) The ten-day period must be likened to the time to appear and plead or answer in response to the ordinary processes of court, which does not commence to run until jurisdiction is acquired and in such instances jurisdiction is acquired when the publication is complete. (Code Civ. Proc., sec. 416.) Hence, the requirement that the said notice shall be published at least ten days before the date of the hearing means that after the publication is complete the residents shall have ten days within which to prepare and file their protests to the formation of the district. [5] The time being insufficient, jurisdiction was not acquired.

[6] Another objection raised by respondents is that the petition did not give an estimate of the expenses incident to the acquisition and construction of a water works system. It will be observed that in the facts heretofore recited the incidental expenses were contained in the estimate

of the cost of the proposed improvement, which estimate the petitioner asserts is a substantial compliance with the act. It was held in *Biggart* v. *Lewis,* 183 Cal. 660 [192 Pac. 437], that these incidental expenses are those which "naturally and necessarily appertain to and follow the estimate of the whole cost of the proposed improvement." And from this it is argued that no useful purpose is served by segregating what amounts to the total cost. However, we may easily conceive of situations where the incidental expenses might be out of all proportion to the actual as distinguished from the inclusive cost of the improvement —and such disproportion might be sufficient to cause not only the inquiring taxpayer, but also the board of supervisors to find unfavorably on the petition. It has frequently been held that where there is a requirement that something other than a gross estimate be given, that a gross figure is insufficient. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636 [68 N. E. 161] ; *City of Peoria* v. *Ohl,* 209 Ill. 52 [70 N. E. 632] ; *City of Chicago* v. *Illinois Malleable Iron Co.,* 293 Ill. 109 [127 N. E. 349] ; *City of Harvard* v. *Roach,* 314 Ill. 424 [145 N. E. 618] ; *City of Erie* v. *Brady,* 150 Pa. 462 [24 Atl. 641] ; *Friedenwald* v. *Shipley,* 74 Md. 220 [21 Atl. 790, 24 Atl. 156].)

It is no answer to say that since the notice of time set for hearing does not of necessity include an estimate of the incidental expenses other than by reference to the petition that the provision was not intended for the protection of the taxpayer. Had the legislature intended that the gross cost should be sufficient why did it not say so in the natural way, to wit: An estimate of the cost of the proposed improvement, including the incidental expenses in connection therewith? The very fact that the conjunction "and" is used indicates to our mind that both are required instead of one estimate covering both. It seems to us that the recital in the petition of an estimate of the incidental expenses was necessary to the acquisition by the board of jurisdiction.

Other irregularities are pointed to by the respondents, but they are all irregularities arising out of typographical errors or a failure to properly compare the proof of the published notice with the petition, and would not arise on a resubmission of the petition to the voters, and therefore there is

no occasion for us to pass upon their sufficiency or insufficiency.

Writ denied.

Craig, J., concurred.

Presiding Justice Works, deeming himself disqualified, did not participate in the decision.